IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| V. | : <br> : |
| ASSISTED LIVING WELL COMPASSIONATE CARE LLC, COUNTRY HOME LLC, COUNTRY HOME 2 LLC, COUNTRY HOME 3 LLC, JHTM LLC, AND GROUP HOME ON GIBSON ISLAND LLC, | : CIVIL ACTION NO.: _____ <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, SELECTIVE INSURANCE OF SOUTH CAROLINA ("Selective"), brings this action for declaratory relief against the Defendants, ASSISTED LIVING WELL COMPASSIONATE CARE LLC, COUNTRY HOME LLC, COUNTRY HOME 2 LLC, COUNTRY HOME 3 LLC, JHTM LLC, and GROUP HOME ON GIBSON ISLAND LLC (collectively, "Assisted Living Well"), and alleges as follows:

**PARTIES**

1. Plaintiff Selective is a corporation organized under the laws of New Jersey with its principal place of business at 40 Wantage Avenue, Branchville, New Jersey, and is authorized by the State of Maryland to issue policies of insurance within the State of Maryland.

2. Defendant Assisted Living Well Compassionate Care LLC is, upon information and belief, a Maryland limited liability company that is domiciled in and maintains its principal place of business in Maryland.

3. Defendant Country Home LLC is, upon information and belief, a Maryland limited liability company that is domiciled in and maintains its principal place of business in Maryland.

4. Defendant Country Home 2 LLC is, upon information and belief, a Maryland limited liability company that is domiciled in and maintains its principal place of business in Maryland.

5. Defendant Country Home 3 LLC is, upon information and belief, a Maryland limited liability company that is domiciled in and maintains its principal place of business in Maryland.

6. Defendant JHTM LLC is, upon information and belief, a Maryland limited liability company that is domiciled in and maintains its principal place of business in Maryland.

7. Defendant Group Home on Gibson Island LLC is, upon information and belief, a Maryland limited liability company that is domiciled in and maintains its principal place of business in Maryland.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the subject controversy exists between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

9. Venue is proper in this district pursuant 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this District.

**FACTUAL BACKGROUND**

10. Selective brings this action seeking a judicial determination and declaration that it is not obligated to provide insurance coverage benefits to Assisted Living Well.

11. Selective issued Commercial Insurance Policy No. S 2481127 (the "Policy"), to Assisted Living Well, effective for the policy period of May 6, 2023 to May 6, 2024. A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

12. In a lawsuit, styled *Group Home on Gibson Island, LLC, et al. v. Gibson Island Corporation*, No. 1:20-cv-00891 (D. Md) (the "Lawsuit"), Assisted Living Well sought, among other things, an award for declaratory relief for Gibson Island Corporation to grant Assisted Living Well's "reasonable accommodation request and to allow [Assisted Living Well] to open their group home for the disabled." (No. 1:20-cv-00891, Doc. No. 47, Prayer for Relief, ¶ (e)).

13. Without obtaining the award described in the above Paragraph 12, Assisted Living Well would be prevented, via law, local ordinances, and governance, from opening a group home for the disabled at one of Assisted Living Well's properties located at 1753 Banbury Road, Gibson Island, Maryland (the "Property").

14. On November 16, 2023, the United States District Court for the District of Maryland (Baltimore) issued a decision in the Lawsuit granting the Gibson Island Corporation's Motion for Summary Judgment (the "November 16, 2023 Decision"). (No. 1:20-cv-00891, Doc. No. 111.00).

15. The November 16, 2023 Decision, absent a successful appeal, prevents Assisted Living Well from operating a group home for the disabled at the Property.

16. Furthermore, prior to the Lawsuit, there was another lawsuit involving the operating of a group home for the disabled at the Property, styled *Gibson Island Corporation v. Group Home on Gibson Island LLC*, No. 1:20-cv-00842 (D. Md) (the "Original Lawsuit").

17. In the Original Lawsuit, the Court issued an order on May 28, 2020 precluding any construction at the Property (the "May 28, 2020 Decision"). (No. 1:202-cv-00842, Doc. No. 28).

18. Upon information and belief, on June 20, 2023, Craig Lussi, a representative of Assisted Living Well, discovered a water loss (the "Water Loss") at the Property.

19. Craig Lussi and/or Assisted Living Well's agents and/or representatives reported the Water Loss to Selective and/or its agents and representatives on or about June 20, 2023 (the "Claim").

20. Selective was advised that the Water Loss was caused by a mirror falling from the wall of one of the Property's second floor bathrooms, which landed on, and broke, an exposed rough plumbing water pipe.

21. The Water Loss caused water damage throughout the Property.

22. The Policy provides, in relevant part:

**A.   Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*   \*   \*

**E.   Loss Conditions**

\*   \*   \*

**6.   Vacancy**

    **a.   Description of Terms**

    **(1)** As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in **(1)(a)** and **(1)(b)** below:

\*  \*  \*

      **(b)** When this policy is issued to the owner or general lessee of a building, building means entire building. Such building is vacant unless at least 31% of its total square footage is:

        **(i)** Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

        **(ii)** Used by the building owner to conduct customary operations.

    **(2)** Buildings under construction or renovation are not considered vacant.

  **b.** **Vacancy Provisions**

    If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

    **(1)** We will not pay for any loss or damage caused by an of the following, even they are Covered Causes of Loss:

\*  \*  \*

      **(d)** Water damage;

\*  \*  \*

23. On or about June 23, 2023 and June 29, 2023, Selective, and/or its agents and representatives, performed inspections of the Property, which were recorded on video by Craig Lussi.

24. After the June 23, 2023 and June 29, 2023 inspections, further investigation, and communications with Craig Lussi in connection with the Claim, Selective issued a Reservation of

Rights letter on or about July 7, 2023 (the "Reservation of Rights Letter"). A true and accurate copy of the Reservation of Rights letter is attached hereto as **Exhibit B**.

25. On December 20, 2023, after further investigation, including an examination under oath of Craig Lussi, Selective issued a Declination of Coverage letter, which denied insurance coverage under the Policy for the Claim (the "Declination of Coverage Letter"). A true and accurate copy of the Declination of Coverage letter is attached hereto as **Exhibit C**.

26. As detailed in its Reservation of Rights Letter and Declination of Coverage Letter, Assisted Living Well is precluded from coverage under the Policy.

27. Upon information and belief, no legal action has been taken by Assisted Living Well against Selective in connection with the Claim.

### COUNT I
### (Declaratory Judgment as to All Defendants)

28. Selective reasserts and alleges Paragraphs 1-27 above as if fully set forth herein.

29. By way of the Policy's Building and Personal Property Coverage Form, Section A., Part 6 (provided in Paragraph 22, above), coverage is precluded under the "Vacancy Condition" because 31% or more of the Property's square footage was not being used for "customary operations" by Assisted Living Well, as those relevant provisions and terms are defined under the Policy.

30. The Property was intended to be used a group home for the disabled.

31. Since its ownership acquisition of the Property, Assisted Living Well has never operated a group home for the disabled at the Property.

32. Since its ownership of the Property, Assisted Living Well has never used the Property for its intended "customary operations," detailed in Paragraph 22, above, and in the Policy.

33. Furthermore, per the May 28, 2020 Decision, and Selective's investigation of the Claim, the Property was not under "construction or renovation" at the time of the Water Loss.

34. Selective seeks a declaration that Selective has no duty to indemnify, or otherwise compensate Assisted Living Well for the Claim, because the Claim is excluded from, coverage based upon the above-referenced terms, conditions, and provisions of the Policy.

35. There is an actual controversy over the rights and obligations of Selective under the Policy which entitles Selective to a declaratory judgment pursuant to 28 U.S.C. § 2201.

-8-

**WHEREFORE**, SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA respectfully requests that this Honorable Court:

A. Enter judgment declaring that Selective has no duty to defend or otherwise compensate Assisted Living Well for the Claim; and

B. Award Selective any other relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Sean C. Griffin
Sean C. Griffin (Bar No. 06241)
**ROBINSON & COLE LLP**
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel. (771) 213-5608
Fax (771) 213-5651
sgriffiin@rc.com

*Counsel for Plaintiff*